UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KAREN TOLLIVER,

                Plaintiff,

v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

**DECISION AND ORDER**
12-CV-042S

    1.    Plaintiff, Karen Tolliver, challenges an Administrative Law Judge's ("ALJ") determination that she is not disabled within the meaning of the Social Security Act ("the Act"). Tolliver protectively applied for disability insurance benefits and Social Security income (collectively "benefits") on October 27, 2009, alleging that she had been disabled since August 3, 2009 due to pain in her back, hands, legs and impairments such as depression. Tolliver contends that her impairments have rendered her unable to work. She therefore asserts that she is entitled to payment of disability benefits under the Act.

    2.    The Commissioner of Social Security ("Commissioner") denied Tolliver's application for benefits on April 15, 2010. Tolliver thereafter requested an administrative hearing, which was held by teleconference on June 29, 2011 before ALJ David S. Pang. ALJ Pang considered the case *de novo*, and on July 22, 2011, issued a decision denying Tolliver's application for benefits. On December 22, 2011, the Appeals Council denied Tolliver's request for review. Tolliver filed the current civil action on January 18, 2012, challenging Defendant's final decision.[1]

---

[1] The ALJ's July 22, 2011 decision became the Commissioner's final decision in this case when the Appeals Council denied Mendez's request for review.

1

3.      On September 12, 2012, both the Commissioner and Tolliver filed motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  After full briefing, this Court took the motions under advisement without oral argument.  For the following reasons, this case is remanded to the Commissioner.

4.      A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. § § 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla" and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5.      "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination

considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the

claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ followed the five-step process and, relying on the opinion of consultive examiner Kathleen Kelley, M.D., determined that Tolliver retained the residual functional capacity ("RFC") to perform sedentary work with various limitations. (R. 69.)[2] Further, relying on the testimony of Dr. James Newton, a vocational expert, ALJ Pang found that while Tolliver could not perform past relevant work, significant jobs exist which Tolliver could perform given her RFC. (R. 75–76.) As such, he found that Tolliver did not suffer from a disability from the alleged onset date through the date of his decision. (R. 76.)

10. Tolliver challenges the ALJ's decision on several grounds. She contends, *inter alia*, that the ALJ did not properly consider the opinion of her primary nurse practitioner, Elizabeth Williams. This Court agrees.

11. Family Nurse Practitioner ("FNP") Williams opined that Tolliver is unable to stand for more than 15 to 30 minutes at a time; that she is unable to lift more than 10 to 15 pounds; and that she is unable to push, pull, or bend. (R. 73, 394–95.) Dr. Newton, the vocational expert, testified at the hearing that there were no jobs for people with limitations such as these. (R. 53.) Thus, if FNP Williams' opinion were adopted, Tolliver would be found disabled under the Act.

12. The ALJ, however, did not adopt FNP Williams' opinion; instead, he assigned

---

[2]Citations to the Administrative Record are designated "R."

it "little weight" because FNP Williams is not "an accepted medical source" pursuant to 20 C.F.R. 404.1513. (R. 73.) The Social Security regulations distinguish between "acceptable medical sources" and "other medical sources." See 20 C.F.R. § 416.913(a),(d)(1); SSR 06–03P. "Acceptable medical sources" include licensed physicians, whereas "other medical sources" include nurse practitioners. 20 C.F.R. § 416.913(a),(d)(1). Thus, in itself, the ALJ's decision was not erroneous, as "the ALJ is free to discount the nurse practitioner's assessments [] in favor of the objective findings of other medical doctors." Drennen v. Astrue, No. 10-CV-6007MAT, 2012 WL 42496, at *2 (W.D.N.Y. Jan. 9, 2012) (quoting Genier v. Astrue, 298 F. App'x 105, 108–09 (2d Cir. 2008)) (modifications omitted). But "the ALJ must explain that decision." Saxon v. Astrue, 781 F. Supp. 2d 92, 104 (N.D.N.Y. 2011).

13. Specifically, in determining the weight to be given to the opinions from other medical sources, "the ALJ must consider the following six factors: 'the length and frequency of the treating relationship; the nature and extent of the relationship; the amount of evidence the source presents to support his or her opinion; the consistency of the opinion with the record; the source's area of specialization; and any other factors the claimant brings to the ALJ.'" Drennen, 2012 WL 42496, *3 (citing Carlantone v. Astrue, No. 08 Civ. 07393(SHS), 2009 WL 2043888, at *5 (S.D.N.Y.2009); 20 C.F.R. § 416.927(d); SSR 06–03P).

14. Although ALJ Pang did consider the consistency of FNP Williams' opinion with the other evidence on the record, there is no indication that he weighed any of the remaining five factors. Instead, it appears that ALJ Pang disregarded FNP Williams' opinion simply because she is not an accepted medical source. Indeed, this is the very first

reason he provides for assigning her opinion "little weight." (R. 73.)

15. Particularity troubling to this Court, it appears that ALJ Pang was wholly unaware of the extensive treating relationship between FNP Williams and Tolliver. In the process of disregarding FNP Williams' opinion, ALJ Pang writes, "there is no indication how frequently this person [FNP Williams] has examined the claimant or if they have treated the claimant." (R. 73.) But this is not true. The record reveals that for a large portion of the relevant time period, FNP Williams acted as Tolliver's primary medical treatment provider. In fact, Tolliver saw FNP Williams 14 times between September 3, 2009 and December 14, 2010. (Tr. 305–16, 418–21, 426–61, 467–71.) This is highly relevant information: such a familiar relationship may warrant apportioning more weight to FNP Williams than consultive examiner Kathleen Kelley, M.D, on whom ALJ Pang heavily relied. See SSR 06-03p ("[A]fter applying the factors for weighing opinion evidence, an opinion from a medical source who is not an 'acceptable medical source' may outweigh the opinion of an 'acceptable medical source.'") Accordingly, the ALJ's lack of awareness of this relationship could prove pivotal.[3]

16. As such, on remand, the ALJ shall properly consider the opinion of FNP Williams by fully weighing the factors outlined above and by taking into account the treatment history between FNP Williams and Tolliver.

---

[3] Although Tolliver raised this issue in her motion, the Commissioner offers no substantive response. Instead, the Commissioner refers this Court to his initial memorandum, wherein he notes simply that ALJ Pang is free to assign little weight to FNP Williams' opinion. While this is true, it does not respond to charges that the ALJ did not consider the pertinent factors and relied on incomplete information in making his determination.

****

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 12) is DENIED.

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 14) is GRANTED, and this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this Decision and Order.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.


Dated:   January 6, 2013
        Buffalo, New York


                                                         /s/William M. Skretny
                                                         WILLIAM M. SKRETNY
                                                            Chief Judge
                                                     United States District Court